IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 13-30-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| SCOTT LONG, | |
| Defendant. | |

On October 29, 2018, Defendant Long moved the Court to return to him payments he made toward a restitution obligation in this case.

## I. Background

Long pled guilty to conspiring to advertise child pornography. On October 21, 2014, he was sentenced to serve 200 months in prison, to be followed by a life term of supervised release. He was also required to pay a $100.00 special assessment and $29,859.00 in restitution to "Angela," a sum for which all 13 defendants in the case would be jointly and severally liable. See Judgment (Doc. Three days later, the Court issued an order explaining its reasoning for the restitution award. See Order *Nunc Pro Tunc* (Doc. 694) at 15.

Long did not appeal. His conviction became final on November 4, 2014. See *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

1

About six and half months later, the United States moved for leave to take funds from Long's inmate trust account. Following a hearing and briefing, on July 30, 2015, the United States was permitted to take a 1/13th share of the total restitution award—that is, $2,296.85—from Long's account. *See* Order (Doc. 787).

On November 10, 2015, the United States filed a "Satisfaction of Monetary Judgment," stating that the clerk was "authorized and empowered to satisfy and cancel the judgment of record as to the monetary judgment of record imposed by this Court." *See* Satisfaction of Monetary Judgment (Doc. 795) at 1. A similar document was filed on the same day as to Defendants Humiston, Woolley, Purificato, and Krise (*see* Docs. 791–794). Later, similar documents were filed as to Defendants Crosby, Morris, Johnson, Nosek, and Petersen (*see* Docs. 798, 802, 805, 810, 816).

On June 23, 2016, the Ninth Circuit Court of Appeals vacated the restitution order and remanded the matter, requiring this Court to "disaggregate losses caused by the original abuser's actions and losses caused by the ongoing distribution and possession of images of that original abuse." *United States v. Grovo*, 826 F.3d 1207, 1221 (9th Cir. 2016) (quoting *United States v. Galan*, 804 F.3d 1287, 1290–91 (9th Cir. 2015)) (internal quotation marks omitted).

On July 5, 2016, the United States notified the Court that "Angela" had

withdrawn her request for restitution and stated that "no further restitution will be sought in the case." Notice (Doc. 809) at 2.

On November 16, 2016, the Court directed the clerk to notify the Bureau of Prisons that the Court of Appeals had "vacated the portion of the Defendants' judgments providing for restitution." Order (Doc. 813) at 2.

Nearly two years later, on October 29, 2018, Defendant Long moved the Court to return to him payments he made toward his restitution obligation.

## II. Analysis

The Supreme Court holds that a State must repay to a defendant "fees, court costs, and restitution exacted from the defendant upon, and as a consequence of," a conviction that is later invalidated. *Nelson v. Colorado*, __ U.S. __, 137 S. Ct. 1249, 1252 (2017). The reason for this rule, the Court said, is that "[a]bsent conviction of a crime, one is presumed innocent." *Id.*; *see also id.* at 1255–56 ("once [the defendants'] convictions were erased, the presumption of their innocence was restored"), 1256 ("to get their money back, defendants should not be saddled with any proof burden," because "they are entitled to be presumed innocent"), 1257 ("Colorado has no interest in withholding from [defendants] money to which the State currently has zero claim of right").

Long's case is not controlled by *Nelson*, because Long was not wrongly convicted. He is not "presumed innocent." He admitted his guilt, he was found

3

guilty, and his conviction remains valid. *See* Minutes (Doc. 347); Judgment (Doc. 660).

Before *Nelson*, Ninth Circuit precedent held that where "the government merely served as an escrow agent pending the final judgment and at the proper time paid the funds over to the victims," it was not required to repay to the defendant the sum taken for the victims. *See United States v. Hayes*, 385 F.3d 1226, 1230 (9th Cir. 2004). This portion of the opinion in *Hayes* might be "clearly irreconcilable" with the Supreme Court's decision in *Nelson* requiring the State to return restitution to the presumptively innocent ex-defendant. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), and *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).

But the Court need not decide that issue, because Long is not innocent. No decision undermines the reasoning of *Hayes* with respect to a defendant whose conviction is valid and who pays restitution after his conviction is final and restitution is disbursed. Based on *Hayes*, Long is not entitled to a refund of restitution paid and disbursed.

Accordingly, IT IS HEREBY ORDERED that Long's motion for return of his restitution payments (Doc. 835) is DENIED.

IT IS FURTHER ORDERED that the United States' motion for extension of

4

time (Doc. 836) is DENIED AS MOOT.

DATED this 14th day of November, 2018.

Donald W. Molloy
United States District Court